# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| CANDELA MONIQUE LEDET | Civil Action No. 6:23-0273 |
| versus | Judge David C. Joseph |
| PERRY HOMES, LLC, ET AL. | Magistrate Judge Carol B Whitehurst |

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is the "Defendant's Rule 12(b)(6) Motion for Dismissal" [Doc. 27] filed by defendant Perry Homes, LLC ("Perry Homes"), seeking to dismiss all claims alleged by the *pro se* plaintiff, Candela Monique Ledet ("Ledet"). The motion is unopposed by the plaintiff. For the following reasons, it is RECOMMENDED that the Motion to Dismiss be GRANTED.

### I.    FACTUAL BACKGROUND

The instant lawsuit arises out of plaintiff's employment experience with Perry Homes. In her operative complaint,[1] filed on March 3, 2023 [Doc. 9], the plaintiff alleges the following:

---

[1] *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."), *citing Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 508 (5th Cir.1985). In this matter, the plaintiff did not adopt or incorporate her original complaint in her amended complaint; therefore, the amended complaint is the operative complaint for the purposes of this motion.

> The defendants have retaliated against me by harassing me w/ other business that I have sought employment. The retaliation was also performed in the civil employment case when Perry Homes refused to comply w/ freedom of information of sales info. of white citizens and other ongoing tactics.[2]

Although the plaintiff alleges diversity jurisdiction as her jurisdictional basis, she also alleges violations of various federal statutes, including Title VII, ADEA, ADA, and GINA). In the instant motion, Perry Homes seeks dismissal of all claims alleged by the plaintiff against it.

## II.  LAW AND ANALYSIS

### A. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

---

[2] *See* plaintiff's Amended Complaint, Doc. 9.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed. In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto. Fed.R.Civ.P. 12(b)(6).

### B. Analysis

#### 1. State law claims

To the extent the claimant is alleging diversity jurisdiction as her jurisdictional basis, state law applies to her retaliation claim, however, the plaintiff has not alleged any state law upon which her retaliation claim is based. The defendants cite to several Louisiana state statutes under which the plaintiff could be asserting her retaliation claims, including La. Rev. Stat. 23:967 (whistleblower statute); La. Rev.

Stat. 23:1361 (workers compensation retaliation); and La. Rev. Stat. 51:2256 (conspiracy to retaliate). Because the plaintiff fails to allege any facts to support claims under any of the foregoing statutes,[3] she does not satisfy the Rule 12(b)(6) standard with respect to these claims and they should be dismissed.

To the extent that the plaintiff is attempting to couch her retaliation claim under Article 2315 of the Louisiana Civil Code, her claim similarly fails. In the absence of a claim for personal injuries, the plaintiff's claim must be construed as one alleging damages for emotional distress. Negligent infliction of emotional distress is not specifically recognized as an independent tort under Louisiana law. *Collett v. Weyerhaeuser Co.*, 2021 WL 5411330, at *4 (E.D. La. May 7, 2021), *aff'd*, 2022 WL 2387352 (5th Cir. July 1, 2022), *citing Succession of Harvey v. Dietzen*, 97-2815 (La. App. 4 Cir. 6/24/98), 716 So. 2d 911, 916, *writ denied*, 728 So. 2d 391 (La. 11/6/98). In Louisiana, plaintiffs may recover for negligent infliction of emotional distress unaccompanied by physical injury only where "special circumstances" exist involving the "especial likelihood of real and serious mental distress." *Moresi v. State Through Dep't of Wildlife & Fisheries*, 567 So. 2d 1081, 1096 (La. 1990); *see also Crockett v. Cardona,* 97–2346 (La. App. 4 Cir. 5/20/98),

---

[3] For example, the plaintiff does not allege that her employer's workplace practice violated state law, that she threatened to disclose the prohibited practice, and that she was terminated as a result, as required under La. Rev. Stat. 23:937; the plaintiff does not allege that she was discharged because she asserted a workers compensation claim as required under La. Rev. Stat. 23:1361; and the plaintiff does not allege an agreement to commit a conspiracy between Perry Homes and co-defendant Uber as required under La. Rev. Stat. 51:2256.

713 So.2d 802. The plaintiff has alleged no facts demonstrating real and serious mental distress, therefore, to the extent her retaliation claim is couched under Article 2315, it should be dismissed.

### 2. Federal claims

The plaintiff specifically alleges a retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.* ("ADEA"); the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* ("ADA"); and the Genetic Information Nondiscrimination Act of 2008 ("GINA"). All of these federal statutes require exhaustion of administrative remedies prior to filing claims in a judicial proceeding. *See, e.g.*, *Trevillion v. Concordia Bank & Tr. Co.,* 2020 WL 7234549, at *2 (W.D. La. Dec. 8, 2020), *citing Henson v. Bell Helicopter Textron, Inc.*, 128 F. Appx. 387, 390 (5th Cir. 2005) (exhaustion required under the ADA); *Wellman v. HEB Grocery Co.*, No. 21-20660, 2022 WL 16948573, at *1 (5th Cir. Nov. 15, 2022), *cert. denied*, 2023 WL 3440623 (U.S. May 15, 2023) (exhaustion required for ADEA and GINA claims).

In the instant matter, the plaintiff's Charge before the EEOC contains no allegations concerning her age, requests for accommodations for a disability, or disclosure of or actions taken with respect to her genetic information.[4] For these

---

[4] See Letter from EEOC with attached Charge of Discrimination, Doc. 5.

reasons, the plaintiff has not exhausted claims alleged under these federal statutes, and, in any event, her Amended Complaint contains no factual allegations supporting such claims. For these reasons, plaintiff's retaliation claims under the ADEA, the ADA, and GINA should be dismissed.

To the extent that the plaintiff is alleging her retaliation claims fall under Title VII, the Amended Complaint does not contain specific facts sufficient to support the claim. In her Amended Complaint, the plaintiff alleges that Perry Home retaliated against her by "harassing her with other businesses," presumably alleging that Perry Homes thwarted her efforts to seek employment with other employers. She also alleges that "retaliation was … performed in the civil employment case when Perry Homes refused to comply [with] freedom of information of sales [information] of white citizens and other ongoing tactics." These factual allegations are simply too vague to support a claim. Indeed, the face of the plaintiff's complaint does not contain sufficient facts to raise a reasonable expectation that discovery will reveal evidence of each element of a claim under Title VII as required by Rule 12(b)(6). Additionally, allowing the plaintiff to amend her complaint again appears futile, as the plaintiff has already amended her complaint once and has not stated a claim in either iteration of her pleadings. Considering the foregoing, the undersigned recommends dismissal of the plaintiff's claims alleged under Title VII.

## CONCLUSION

Therefore, for the reasons stated hereinabove,

**IT IS RECOMMENDED** that the Rule 12(b)(6) Motion for Dismissal [Doc. 27] be GRANTED, and that the plaintiff's claims against Perry Homes LLC be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 12th day of September, 2023 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE